BARRERA ET AL. *v.* DISTRICT COURT OF ARECIBO.

APPLICATION for a Writ of *Certiorari.*

No. 12—Decided February 17, 1906.

CERTIORARI—APPEAL—WRIT OF ERROR.—The writ of *certiorari* cannot serve the purpose of a writ of error or an appeal.

APPEAL—DEMURRER.—An order overruling a demurrer is not appealable but is deemed to have been excepted to by operation of law and is available as an exception on an appeal taken from the final judgment.

PUBLIC OFFICIALS—MUNICIPAL OFFICIALS—QUO WARRANTO.—Municipal officials are public employes or officials, and *quo warranto* proceedings may be brought against them.

CITATION—APPEARANCE OF DEFENDANT.—The voluntary appearance of a defendant is equivalent to personal service of notice.

The facts are stated in the opinion.

*Messrs. Cuchí and Coll Cuchí* for petitioners.

*Mr. Hernández Usera* for respondent.

MR. JUSTICE HERNÁNDEZ delivered the opinion of the court.

On December 13th of last year the Attorney General presented a petition in the name of The People of Porto Rico, at the special instance and request of José Pilar Santiago, a resident of Ciales, in the District Court of Arecibo, for leave to file an information in the nature of a *quo warranto* against the municipal officials of said town mentioned in said petition, in which it is alleged that as a consequence of illegal acts and fraud committed in Precinct No. 16 of said municipality, in connection with the elections held on November 8, 1904, the candidates of the Republican Party obtained a majority of votes over the Unionist Party, and that the latter therefore were entitled to fill the offices occupied by members of the Republican Party.

After a number of proceedings, which, on motion of the defendants in the *quo warranto* proceedings were declared null by decision of the court of Arecibo of January 5th last, said defendants prayed for the dismissal of the information, on the ground that it had not been sworn to by the Attorney

General, nor by any other person; also demurring on the following grounds:

1. That the Arecibo court lacks jurisdiction of the persons of the defendants or the subject of the action, as information in the nature of *quo warranto* can be filed only to determine the right of a public employe to hold an office in the Government, and municipal employes are not public employes, said court lacking jurisdiction of the defendants, also, because they were summoned without the observance of the formalities prescribed by law.

.2. That the relator has not the legal capacity to institute *quo warranto* proceedings, because his interest does not give him a right therefor.

3. That there is another action pending between the parties involving the same causes.

4. That the petition is ambiguous, unintelligible and doubtful, because, instead of being given the form such a petition should have, accompanied by affidavits regarding the acts the subject of the information, everything is confused in a single document.

The Arecibo court, by a decision of the 24th of the same month of January, overruled the objections of the defendants, and resolved to grant leave to file an information in the nature of a *quo warranto,* and ordered the defendants to make answer to said information within six days after service of summons in the legal form.

Counsel for the defendants excepted to this decision and gave notice of appeal, which was denied.

The relator, José Pilar Santiago, filed an information in the Arecibo court on the 29th of the said month of January, and the *quo warranto* proceedings did not continue their course owing to the Supreme Court having ordered a suspension thereof and the transmission of the record under writ of *certiorarri* issued at the petition of the defendants in the *quo warranto* proceedings, now the applicants for a writ of *certiorari.*

The petitioners allege the following grounds in support of their application for a writ of *certiorari:*

1. That they are not acquainted with the legal grounds upon which the Arecibo court overruled their exceptions to the application for leave to file an information in the nature of *quo warranto.*

2. That in overruling said exceptions the court committed a number of errors, in that it did not consider them sepa- rartely and give the grounds upon which they were overruled; in overruling them it did not grant time to answer the appli- cation; and, finally, it did not allow the appeal taken from its decision, thus exceeding its jurisdiction, as the Supreme Court of the Island is the only one which could have denied this appeal.

3. That the overruling of the exceptions and the failure to allow the appeal by the District Court of Arecibo has left the petitioners herein without any remedy for the enforce- ment of their rights.

Such, in substance, are the grounds upon which the peti- tioners base their application for a writ of *certiorari;* and, upon examination, these grounds do not appear to us be suffi- cient to determine the propriety of the issue of the writ of *certiorari* applied for.

We have already held in deciding the applicatioin for a writ of *certiorari* made by *Hortensia Arribas Villoch* v. *Pedro Mirandes Medrano,* that a writ of *certiorari* had not been pro- vided to take the place of a writ of error or an appeal. That is what is involved in this case in view of the form in which the issue has been raised by the defendants, whose allegations tend to show that the District Court of Arecibo committed legal errors in rendering its decision of January 24th last and in denying the appeal taken therefrom.

Such decision of the Arecibo court was not subject to ap- peal and cannot now be made the subject of an application for

a writ of *certiorari,* but can only be considered as excepted to by operation of law if an appeal should be taken, in a proper case, from the final decision of said court in the *quo warranto* proceedings, as is to be deduced from section 213 of the Code of Civil Procedure.

It is true that one of the grounds of the demurrer to the application for leave to file an information in the nature of *quo warranto* was that the Arecibo court did not have jurisdiction of the persons of the defendants or of the subject of the action; but the petitioners have not shown such lack of jurisdiction, neither can it be deduced from the petition for leave to file an information of *quo warranto* made by the Attorney General at the instance and request of José Pilar Santiago. In view of this request, the Arecibo court had jurisdiction by reason of the subject and of the person of the defendants, because the latter are public officials or employes, therefore subject to *quo warranto* proceedings, and the District Court of Arecibo is competent to take cognizance of such proceedings, according to the provisions of section 2 of the act of March 1, 1902, establishing *quo warranto* proceedings.

The petitioners do not explain the reasons for their allegation that the defendants were summoned in the *quo warranto* proceedings without the legal formalities having been observed, and that the Arecibo court, therefore, lacked jurisdiction of them. We do not find anything to justify such an affirmation, apart from the fact that the voluntary appearance of a defendant, which is the case with the petitioners, is equivalent to personal service of notice upon him and delivery of a copy of the complaint, according to section 98 of the Code of Civil Procedure.

The proceedings in the District Court of Arecibo do not show any legal grounds whatsoever authorizing us to annul them, and, under the circumstances, the record should be returned to the said court; and it should be left at liberty

to proceed as if the writ of *certiorari* had not issued, with the costs against the petitioners.

*Writ annulled.*

Chief Justice Quiñones, and Justices Figueras, MacLeary and Wolf concurred.